**Charles E. STEWART, Appellant,**

v.

**Paul S. McNEILL, Jr., Director (substituting for Richard King) Department of Revenue and State of Missouri, Respondents.**

**No. WD 36825.**

Missouri Court of Appeals,
Western District.

Dec. 31, 1985.

Andrew J. Gelbach, Warrensburg, for appellant.

Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondents.

Before CLARK, C.J., and KENNEDY and BERREY, JJ.

CLARK, Chief Judge.

This is a petition for review of an order made by the Director of Revenue revoking the driver's license of Charles E. Stewart. The revocation was based on Stewart's refusal to submit to a test for blood alcohol content, § 577.041, RSMo.Supp.1984. After a bench trial in which the only testimony was that of the arresting officer, the circuit court affirmed the license suspension and Stewart appeals.

The evidence supporting the judgment in the case was uncontroverted and, consist-

ent with the finding by the trial court, discloses the following. In the late evening of July 14 or the early morning of July 15, 1984, Stewart had been arrested for driving while intoxicated and his automobile had been left parked near the pavement of U.S. Highway 50 in Johnson County. Lawrence Jefferson, a Missouri highway patrol officer, had been alerted to the possibility that Stewart or one of his companions would attempt again that night to drive the Stewart vehicle. At about 3:15 a.m. on July 15, Jefferson observed Stewart enter and start the car and then proceed down a gravel road south from the highway. Jefferson stopped Stewart, placed him under arrest and took him to the Warrensburg police station.

At the station, Stewart was requested to submit to a breathalyzer test. According to Jefferson, the test was sought because Stewart appeared intoxicated. There was a strong odor of alcohol on Stewart's breath, his face was flushed, his clothes were soiled and mussed and his walk was swaying and wobbly. The officer also was aware, as noted above, that Stewart had been arrested for drunkenness some hours earlier.

The test of Stewart's breath was undertaken with a device known as an Alco-Analyzer 2000. With this machine, a green light appears when the subject commences breathing into the mouthpiece and when a sufficient air sample has been taken to perform the test, the light flashes signaling the end of the test.

In the test of Stewart, each time the green light appeared, Stewart withdrew from the machine with the consequence that an insufficient air sample to perform the test was obtained. Three attempts were made to procure a sample of Stewart's breath, but contrary to the officer's directions, Stewart would not breathe into the machine for a long enough period of time to complete the test. After the third unsuccessful attempt and prior warnings to Stewart, a refusal to submit to the test was recorded and these proceedings followed.

A single point of error asserted on this appeal contends the suspension of Stewart's license should have been reversed because there was no competent and substantial evidence of a refusal to take the breathalyzer test. Appellant asserts the evidence shows he did blow into the test machine three times, as evidenced by the illumination of the green light, and any failure of the test was the fault of the police officer or was attributable to a malfunction in the machine. The contention is without merit or substance.

■ The undisputed evidence in the case was that the Alco-Analyzer 2000 signifies commencement of a breath test by display of a green indicator light which thereafter flashes when an adequate supply of air to perform the test has been received. The evidence was also uncontradicted that each time the green light came on, Stewart withdrew from the machine and despite repeated warnings to continue blowing into the mouthpiece until the light commenced to flash, he would not do so. The contention that Stewart complied with the test request because the green light on the analyzer was illuminated is fatuous. All of the evidence presented demonstrated conclusively that the sole cause of the test failure was Stewart's repeated refusal to cooperate.

In a spurious attempt to support his contention that failure of the test was the fault of the officer or of the test device, Stewart cites *In the Matter of Spencer,* 439 S.W.2d 8 (Mo.App.1969). In that case, it was held that an attempt to test the breath of the arrestee was adequately but unsuccessfully performed without fault on the subject's part because the test machine did display a green light as the breath supply was received. Stewart fails to indicate in his summary of the case that the test machine used there was a different device which operated in a manner unlike the Alco-Analyzer 2000. That machine, as the text of the opinion fully describes, displayed a red light when the machine was ready for an air sample and a green light when a sufficient quantity of breath had

been given. The citation of the *Spencer* case without mention of the critical distinctions between the types of test machines lacks candor.

Appellant cites a number of other cases, none of which is in point. For example, *Gooch v. Spradling,* 523 S.W.2d 861 (Mo. App.1975) is cited for the proposition that a refusal to take the test must be expressed and unequivocal. In *Gooch,* the arrestee indicated he would be willing to take the test if he were permitted to speak with an attorney. The facts of the present case are that appellant asked and was given permission to call his attorney after the second unsuccessful attempted test. After speaking with his attorney, appellant returned to undertake the third test but again would not breathe into the machine long enough for a reading to be given. A refusal to permit the telephone call to an attorney discussed in *Gooch* and the consequences upon the license revocation are inappropriate to the facts here.

█ The present case is comparable to *Rogers v. King,* 684 S.W.2d 390 (Mo.App. 1984) in which the arrestee sought to delay the test on various pretexts, asking for a drink of water and the opportunity to use the toilet. There, as here, the court appropriately found the defendant to have attempted to sabotage the test by repeated failure to supply a sufficient breath sample. Intentional failure to do what is necessary in order that the test can be performed is a refusal to take the test. *Spradling v. Deimeke,* 528 S.W.2d 759 (Mo. 1975).

█ As the foregoing discussion demonstrates, Stewart's appeal lacks any merit and the driver's license suspension must be affirmed. Appellant's sole contention that the judgment lacked evidentiary sufficiency is absurd in view of the record which shows no controverted facts and ample proof of appellant's refusal to submit to the breathalyzer test. Moreover, the purported case authority cited to support the point on appeal is either inappropriate or is not candidly recited. The appeal presents no justiciable question and is so readily recognized as

devoid of merit on the record that there was little prospect the appeal could succeed. *Holman v. Ace Glass Co.,* 687 S.W.2d 562 (Mo.App.1985). The appeal is therefore one in which sanctions under Rule 84.19 would be appropriate, but none have been sought by respondent. Without expressing a commitment regarding sanctions in any future cases of similar content, we award no damages here under sua sponte initiative.

The judgment is affirmed.

All concur.