**William J. KOHLHOFF, Appellant,**

v.

**Paul S. McNEILL, Jr., Director of Revenue, Respondent.**

**No. 51014.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 28, 1986.

Edward J. Delworth, St. Louis, for appellant.

William L. Webster, Atty. Gen., Jeffrey R. Dahl, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appellant (driver) appeals from the suspension of his driving privileges. We affirm.

On June 7, 1985, driver was arrested for violation of the Bridgeton Driving While Intoxicated Ordinance. Bridgeton, Mo., Code of Ordinances Sections 16–44 and 16–45 (1980). Respondent, the Department of Revenue, held an administrative hearing on July 18, 1985. The 30–day suspension and 60–day restriction on driver's license was upheld. Driver moved for a trial de novo. The circuit court held for respondent.

■ Driver asserts the statutory requirement for the arresting officer to be certified was not established at trial. Section 302.510.3, RSMo (Cum.Supp.1984). The certification of the arresting officer is an essential element of State's case. *Ashline v. Director of Revenue*, 707 S.W.2d 432, 433 [3] (Mo.App.1986). Petitioner argues that he was arrested when detective Bartis stopped his car, and that there was no evidence detective Bartis was certified.

■ The findings of fact made at the administrative hearing indicate that officer Kuykendall, not detective Bartis, was the arresting officer. At the trial de novo, detective Bartis testified it was officer Kuykendall who took driver into custody, and officer Kuykendall testified he administered the field sobriety tests, read driver his rights, took driver to the station, administered the breathalyzer test and issued the notice of suspension to driver. There was substantial evidence at the trial de novo to support finding officer Kuykendall was an arresting officer. *Senn v. Director of Revenue*, 674 S.W.2d 43, 45 [1] (Mo.App.1984).

Officer Kuykendall testified he had been on the police force for over sixteen years. Section 590.115.2 RSMo (1978) exempts peace officers appointed before December 31, 1978 from the certification requirements of chapter 590. The arrest by officer Kuykendall satisfies Section 302.510.3, RSMo (Cum.Supp.1984).

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.