**Richard E. ELKINS, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

**No. WD 38664.**

Missouri Court of Appeals, Western District.

March 3, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 28, 1987.

William L. Webster, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Andrew S. Carroll, Warrensburg, for respondent.

Before KENNEDY, P.J., and LOWENSTEIN and GAITAN, JJ.

GAITAN, Judge.

Following his arrest for driving while intoxicated, Elkins's driving privileges were suspended pursuant to §§ 302.-500–.540, RSMo Supp.1984. His license was reinstated, however, after the judge hearing the trial de novo found that there was no evidence showing that the police officer who conducted the breathalyzer test was qualified to do so. The director has appealed.

Review of this matter is governed by Rule 73.01 as it is interpreted by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Therefore, the judgment must be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* The evidence does not support the judgment and therefore is reversed.

The circumstances of Elkins's arrest are not called into question by this appeal and they need not be recounted here. It is sufficient to note that the trial court found the arrest to be based upon probable cause and that determination is supported by the record.

Those facts which are relevant are as follows: Elkins was transported to the police station where the arresting officer, using an Alco-Analyzer-2000, determined that Elkins's blood alcohol concentration was .172. The date was September 27, 1985. At the trial de novo, two Type III permits were admitted into evidence. Permit R1–9309, introduced by the director, was in effect November 29, 1983, through November 29, 1985, and it authorized the officer to operate the Breathalyzer–900. A second permit, number R3–9309, introduced by Elkins, authorized the officer to operate both the Breathalyzer–900 and the Alco-Analyzer–2000 between the effective dates of May 27, 1986 and May 27, 1988. Neither permit showed the arresting officer to be qualified to operate the Alco-Analyzer–2000 on the date in question, but the officer testified that he did have a Type III permit to operate that machine at the time he conducted the breath test on Elkins. A blood alcohol test report admitted into evidence tends to corroborate his testimony in that it reflects that the officer held another permit, number R2–9309 with an expiration date of July 25, 1986, which was not admitted into evidence.

After hearing the evidence, the trial court found that there was no evidence that the officer held a permit authorizing him to operate the Alco-Analyzer–2000 at the time of the test in this case. The court found that the only evidence of the officer's qualifications to operate such machine was the permit which became effective some eight months after the administration of Elkins's test.

The issuance of a Type III permit is relevant to show a person's qualifications to administer a breathalyzer test and, in turn, to establish a prima facie case for the introduction of the test results. *Miller v. Director of Revenue*, 719 S.W.2d 787, 790 (Mo. banc 1986). Production of the permit itself at trial is not necessary, however, to prove one's qualifications in that possession of such permit is a matter within one's personal knowledge and testimony of such fact is adequate proof. *Id.* Therefore the officer's testimony satisfied the evidentiary requirement in this case.

The trial court erred in failing to consider such evidence and the judgment must be reversed. The Department of Revenue's order suspending Elkins's license is reinstated for a period to be determined by the department in accordance with § 302.525.2, RSMo Supp.1984.

All concur.