Edwin E. CHAPMAN, Plaintiff–Appellant,

v.

Paul S. McNEIL, Jr., Director of Revenue, Defendant–Respondent.

No. 15169.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 25, 1987.

W. Swain Perkins, Thayer, for plaintiff-appellant.

William L. Webster, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

MAUS, Judge.

Upon the receipt of a report prescribed by § 577.041, the Director of Revenue revoked the driver's license of the appellant for one year because of the appellant's refusal to submit to a chemical test to determine the amount of alcohol in his blood. On the appellant's petition for review the trial court determined each issue prescribed by § 577.041.2 in the affirmative. It entered judgment against the appellant.

■ At the outset, it must be noted that many of appellant's arguments are premised upon an erroneous view of the evidence. For example, he argues, "There is no evidence in this case about the sufficiency of the air sample other than the BAC Verifier did not register a reading." He ignores the testimony of the highway patrol officer attempting to administer the test that on three occasions the appellant did not blow hard enough, or blew too hard or did not blow long enough and for this reason the machine did not operate. This court must give due regard to the opportunity of the trial court to judge the credibility of the witnesses. *Stenzel v. State, Department of Revenue*, 536 S.W.2d 163 (Mo. App.1976). When so viewed, the following is a synopsis of the evidence.

On the evening in question, a deputy sheriff was forced off of the highway by the erratic driving of the appellant. The deputy sheriff followed the appellant for an appreciable distance. He stopped the appellant by a red light. The deputy sheriff approached the appellant while seated in his truck. The deputy sheriff asked the appellant for his driver's license. While the appellant was searching for his driver's

license, a highway patrol officer arrived at the scene. The highway patrol officer responded to a radio request by the deputy sheriff.

Upon his arrival, the highway patrol officer "took over." He had the appellant get out of his truck. The appellant smelled heavily of alcohol and his eyes were bloodshot. The appellant staggered and walked only with difficulty. The highway patrol officer placed the appellant under arrest for driving while intoxicated and transported the appellant to the courthouse.

At the courthouse, the officer requested the appellant to submit to a breathalyzer test and explained to him the consequences if he refused. The officer also explained to the appellant the manner in which the appellant had to blow into the machine to perform the test. The appellant said he would submit to the test.

The appellant then blew into the machine three times. However, it did not function because he did not blow hard enough, or he blew too hard or he did not blow long enough. After the third time, the officer again explained the required procedure to the appellant and asked the appellant to blow properly into the machine. He advised the appellant that if he did not, the appellant would be written up as refusing. The appellant said he was not going to blow anymore.

Against this background, the appellant states four points of alleged error. His first and fourth points assert there was insufficient evidence to establish he refused to submit to a chemical test. He emphasizes the facts that he said he would submit and that he did blow into the machine two or three times.

■ A refusal to submit to a chemical test need not be established by a subject's express refusal upon the initial request. *Spradling v. Deimeke,* 528 S.W.2d 759 (Mo.1975). "Intentional failure to do what is necessary in order that the test can be performed is a refusal to take the test." *Stewart v. McNeill,* 703 S.W.2d 97, 99 (Mo. App.1985).

■ There was evidence the driver's license of the appellant had been previously revoked once for a conviction for driving while intoxicated, and on a second occasion for a refusal to submit to a chemical test. The trial court could have reasonably found the appellant knowingly blew into the machine in a manner that caused it not to function.

■ In any event, the evidence established on three occasions the appellant blew into the machine so that it would not function. It was reasonable for the officer to again explain to the appellant the manner in which he should blow and request that he do so. The appellant's subsequent refusal to blow into the machine in that manner was a refusal within the meaning of § 577.041. The appellant's conduct was substantially identical to that of the subject who on three occasions "attempted to sabotage the test by repeated failure to supply a breath sample." *Stewart v. McNeill,* supra, at 99. Cf. *State v. Byerly,* 522 S.W.2d 18 (Mo.App.1975). Points I and IV are denied.

The appellant's next point is that the trial court erred in finding that the highway patrol officer was an "arresting officer" within the meaning of § 577.041. He argues that the deputy sheriff stopped the appellant and controlled his movements and thereby was the arresting officer. He cites *State v. Kimball,* 613 S.W.2d 932 (Mo.App. 1981).

■ The language of *Kimball,* cited by the appellant, is taken out of context. Not every investigatory stop is an arrest. *Aron v. Director of Revenue,* 737 S.W.2d 718 (Mo.1987); *State v. Lowrance,* 619 S.W.2d 354 (Mo.App.1981). An extended discussion of the distinction is not necessary. Even assuming the deputy sheriff arrested appellant, the highway patrol officer took over. That officer performed the procedural steps outlined in § 577.041. He became an arresting officer within the meaning of that statute. *Kohlhoff v. McNeill,* 725 S.W.2d 37 (Mo.App.1986); *Senn v. Director of Revenue,* 674 S.W.2d 43 (Mo.App.1984).

The appellant's last point is that the evidence was insufficient to establish the highway patrol officer was qualified to determine the machine was operating properly or to administer a chemical test on that machine. This point ignores the officer's testimony in which he stated he was a qualified type III operator and that the machine was working properly. See *Elkins v. Director of Revenue*, 728 S.W.2d 567 (Mo.App.1987). Further, the issues before the trial court were limited. § 577.041.2. "The findings required under § 577.041.2 do not require such evidence." *Turpin v. King*, 693 S.W.2d 895, 897 (Mo. App.1985). The judgment is affirmed.

PREWITT, P.J., and HOGAN and FLANIGAN, JJ., concur.