**Robert E. ALLEN, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. WD 45900.

Missouri Court of Appeals, Western District.

Jan. 26, 1993.

William D. Adkins, David R. Hassan, Liberty, for appellant.

William L. Webster, Atty. Gen., James A. Chenault III, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

Before BRECKENRIDGE, P.J., and SHANGLER and SPINDEN, JJ.

PER CURIAM:

Robert Eugene Allen's driving privilege was suspended pursuant to the provisions of §§ 302.505.1 and 302.525.2(1), RSMo 1986, after he was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in his blood was thirteen-hundredths of one percent or greater. Mr. Allen appealed the suspension to the Department of Revenue. After an administrative hearing, his suspension was affirmed. Mr. Allen then filed a petition for trial de novo with the Circuit Court of Clay County. The circuit court ordered the Director of Revenue to reinstate the driver's license of Mr. Allen. The Director appeals.

The judgment is affirmed.

Only those facts necessary for the disposition of this appeal are recited. Officer David J. Caudle worked "part-time" for the Holt, Missouri, Police Department. The parties stipulated that Officer Caudle was not certified by the Director of Public Safe-

ty, under Chapter 590, RSMo Supp.1988. There were four other officers working for the department in February, 1991. The City of Holt, Missouri, is a fourth class city,[1] with a population of 311. Holt lies in Clay County, Missouri, a first class county with a non-charter form of government.

On February 10, 1991, Officer Caudle observed Mr. Allen driving 50 m.p.h. in a 35 m.p.h. zone. After stopping Mr. Allen, Officer Caudle noticed the odor of alcoholic beverage about Mr. Allen and his automobile, that Mr. Allen's speech was slurred and that he stumbled when exiting his automobile. Mr. Allen admitted that he had been drinking. Officer Caudle arrested Mr. Allen for driving while intoxicated, a violation of a municipal ordinance of the City of Holt. Officer Caudle transported Mr. Allen to the Holt police station, and then continued to Kearney, Missouri, where a highway patrolman gave Mr. Allen a breath test to determine his blood alcohol concentration (BAC). The breathalyzer test showed that Mr. Allen had a BAC of twenty-one-hundredths of one percent.

At the trial de novo, the circuit court found in favor of Mr. Allen on the issue of certification, specifically:

> [T]hat arresting Officer David Caudle was not certified according to Chapter 590 R.S.Mo., and thus, pursuant to Chapter 302.510(3) R.S.Mo., the suspension/revocation of Respondent's license under the above statutes was invalid.

The Director appeals, claiming that § 590.150, RSMo Supp.1988, exempts the City of Holt and Officer Caudle from the certification requirements of §§ 590.100 to 590.180, RSMo Supp.1988, and that such exemption satisfies the certification requirement of § 302.510.3, RSMo 1986. Therefore, the Director argues that the municipal alcohol related traffic offense could be the basis for suspension of Mr. Allen's driver's license.

■ In construing a statute, the court must ascertain the intent of the legislature from the language of the statute, if possible, and give effect to that intent. *Abrams*

v. Ohio Pacific Exp., 819 S.W.2d 338, 340 (Mo. banc 1991). The court is to do so by considering the usual and ordinary meaning of the words used in the statute. *Id.* Legislative intent may be inferred either from the plain and ordinary meaning of the words of the statute or from the statute's purpose. *Bd. of Reg. for the Healing Arts v. Levine*, 808 S.W.2d 440, 442 (Mo.App. 1991).

The Director suspended Mr. Allen's driver's license under § 302.505.1, RSMo 1986 (amended 7/1/92), which states:

> The department shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in the person's blood or breath was thirteen-hundredths of one percent or more by weight of alcohol in his blood, based on the definition of alcohol concentration in section 302.500.

However, § 302.510.3, RSMo 1986 (amended 7/1/92), states that:

> A county or municipal ordinance prohibiting driving while intoxicated or a county or municipal alcohol related traffic offense *may not* be the basis for suspension or revocation of a driver's license pursuant to sections 302.500 to 302.540, *unless the arresting law enforcement officer,* other than an elected peace officer or official, *has been certified* by the director of the department of public safety pursuant to the provisions of sections 590.100 to 590.150, RSMo.

(Emphasis added). Certification of the arresting officer is an essential element of the state's case in an action to suspend driving privileges as a result of arrest for a county or municipal violation of a "DWI" ordinance. *Ashline v. Director of Revenue*, 707 S.W.2d 432, 433 (Mo.App.1986).

■ The Director argues that Officer Caudle was exempt under § 590.150, RSMo Supp.1988, and the requirement of certification is satisfied. Section 590.150, RSMo Supp.1988 states, in part:

---

1. The trial court took judicial notice of the Official Manual of the State of Missouri 1991–1992, p. 748, which reflects that Holt is a fourth class city.

The provisions of sections 590.100 to 590.180 *shall not apply* to a political subdivision having a population of less than two thousand persons or which does not have at least four full-time paid peace officers unless such political subdivision is located in a county of the first class having a charter form of government; provided, however, the governing body of the political subdivision may by order or ordinance elect to come under [these] provisions.

(Emphasis added). The Director offered evidence that Holt had a population of 311 at the time of the 1990 census, and has four, · or at the time of the offense, five part-time officers.

In support of his claim that the exemption from certification for small political subdivisions under § 590.150, RSMo Supp. 1988, alleviated the requirement of certification, the Director relies on *Kohlhoff v. McNeill*, 725 S.W.2d 37, 38 (Mo.App.1986). In *Kohlhoff*, the Eastern District of this court held that where the evidence established that the peace officer was exempt from the certification requirement because he had been appointed before December 31, 1978,[2] the arrest satisfied the certification requirement for license suspension. The Eastern District noted that the arresting officer in *Kohlhoff* had been on the police force for sixteen years. *Id.* The court's notation of the arresting officer's length of service is significant since its inclusion indicates that the basis of the holding of *Kohlhoff* appears to be that for such officers the additional training specified in §§ 590.-100 to 590.180, RSMo Supp.1988, would likely be superfluous.

The Director argues, and it is acknowledged, that officers "grandfathered-in" were not necessarily long-term law enforcement officers because the exemption for officers hired before December 31, 1978 applied to all officers hired before that date regardless of length of service. In the general application of § 590.115.2, RSMo Supp.1988, however, a veteran's "on-the-

job" experience would substitute for the training requirement of Chapter 590 RSMo Supp.1988, and equally promote the policy of providing skilled law enforcement officers capable of protecting the public welfare, which presumably was the legislature's goal in enacting the statute.

The inapplicability of the certification requirement to Officer Caudle is distinguishable from the exemption of the officer in *Kohlhoff*. It is not reasonable to conclude that the legislature enacted an exception to certification because it believed that the law enforcement officers of small political subdivisions are more adequately trained than those officers in larger cities and, therefore, do not need mandatory training. Section 590.150, RSMo Supp.1988, is designed to protect small political subdivisions, like Holt, from the costs associated with the extensive training that certification under §§ 590.100 to 590.180, RSMo Supp.1988, can entail. The Director does not espouse any other rationale for relieving small political subdivisions of the certification requirement. The certification exception under § 590.150, RSMo Supp.1988, is distinguishable from that under § 590.-115.2, RSMo Supp.1988, and the holding in *Kohlhoff*.

The Director also argues in his brief that the reference to Chapter 590 in § 302.510.3, RSMo 1986, is evidence that the legislature intended the exception for small political subdivisions to apply. The Director notes that the statutes relevant to certification encompass §§ 590.100 to *590.180*, RSMo Supp.1988; however, in the certification requirement of § 302.510.3, RSMo 1986, the legislature refers only to §§ 590.100 through *590.150*, RSMo Supp.1988. The Director argues that the legislature must have deliberately intended that the exception to certification in § 590.150, RSMo Supp.1988, for small political subdivisions apply. Therefore, the Director's argument continues, an officer who is exempt from certification by the terms of the referenced statute is not required to be certified in

2. Section 590.115.2, RSMo Supp.1988:
   Training specified in sections 590.100 to 590.-180 is recommended but not required of a

peace officer who has been employed as a full-time peace officer and was appointed before December 31, 1978....

order for the Director to use the arrest and subsequent chemical test to revoke petitioner's license under §§ 302.505.1 and 302.525.2(1), RSMo 1986. This argument is unpersuasive. The Director in his argument focuses only on that portion of the initial sentence of § 590.150, RSMo Supp. 1988, which states that the provisions of §§ 590.100 to 590.180, RSMo Supp.1988, shall not apply to small political subdivisions, and ignores the remainder of the sentence which provides that such small political subdivisions may elect to come under the provisions of §§ 590.100 to 590.180, RSMo Supp.1988.

The plain meaning of the legislature's reference to certification, and specifically its reference to §§ 590.100 to 590.150, RSMo Supp.1988, in § 302.510.3, RSMo 1986, indicates that the legislature intended to provide that municipal ordinance violations would only furnish a basis for revoking a driver's license under § 302.505, RSMo 1986, if the arresting officer was in fact certified under §§ 590.100 to 590.150, RSMo Supp.1988, whether the certification was mandatory or elective. The findings of the circuit court were not erroneous; the Director's sole point on appeal is without merit.

The judgment is affirmed.