Lawrence D. MEDLEY, Respondent,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. WD 52722.

Missouri Court of Appeals, Western District.

Submitted March 6, 1997.

Decided June 24, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 29, 1997.

Application to Transfer Denied Sept. 30, 1997.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen.,

Mo. Dept. of Revenue, Jefferson City, for appellant.

David R. Hassan, Gladstone, for respondent.

Before BRECKENRIDGE, P.J., and SMART and EDWIN H. SMITH, JJ.

SMART, Judge.

The Director of Revenue ("the Director") appeals the trial court's judgment setting aside the revocation of Lawrence D. Medley's driving privileges. On appeal, the Director claims that the trial court erred in determining that the arresting officer was required to be certified in order for the Director to revoke Medley's driving privileges.

Ryan Lee Gray, a law enforcement officer with the Jackson County Deputy Sheriff's Department, arrested Lawrence Medley on October 4, 1995, for driving while intoxicated in violation of § 577.010, RSMo 1994.[1] Officer Gray administered a breathalyzer test to Medley. The test results revealed that Medley's blood alcohol content was .23%. Subsequently, the Director suspended Medley's driving privileges pursuant to Chapter 302. On December 15, 1995, Medley filed a petition for trial de novo and on March 28, 1996, a hearing was conducted. During the hearing, Medley objected to the admission of his breath results because Officer Gray was not certified pursuant to Chapter 590 at the time of Medley's arrest.

Officer Gray testified that, at the time of Medley's arrest, he was employed as a Jackson County Deputy Sheriff. He began working for the Sheriff's Department on July 1, 1995, after completing 810 hours of training. Soon after his employment began, the Sheriff's Department applied for his certification under Chapter 590. The Department of Public Safety granted Officer Gray certification on November 6, 1995. One month before he received his certification, he arrested Medley pursuant to state law, § 577.010.

At the close of evidence, Medley argued that the breath test results should not have been admitted because Officer Gray was not certified until after Medley's arrest. The Director pointed out that this case involved an arrest pursuant to state law, not municipal or county ordinance, and that it was

therefore irrelevant whether Officer Gray was certified. On April 11, 1996, the trial court found that Officer Gray was required to be certified pursuant to Chapter 590 before an arrest under § 577.010 could serve as the basis for an administrative suspension action. The trial court set aside the suspension action and ordered that Medley's driving privileges be reinstated. The Director appeals.

■ In his sole point on appeal, the Director contends that the trial court erred in setting aside the suspension. The trial court held that: "[I]n order for § 577.010 RSMo. to serve as a basis for the suspension or revocation of a driver's license pursuant to §§ 302.500 to 302.540 RSMo., the arresting officer must be certified by the Director of the Department of Public Safety pursuant to the provisions of §§ 590.100 to 590.150 RSMo." This court will affirm the trial court's decision unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ The trial court relied on *Allen v. Director of Revenue*, 845 S.W.2d 724 (Mo.App. 1993) and § 302.510 in reaching its holding that the suspension action was invalid. In *Allen*, a motorist's driving privileges were suspended after he was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration of his blood was above the legal limit in violation of a *municipal* ordinance. *Allen*, 845 S.W.2d at 725. This court held in *Allen* that certification of an arresting officer was an essential element of the State's case in an action to suspend driving privileges as a result of an arrest for a *county or municipal* violation of a DWI ordinance. *Id.* at 727. Section 302.510 provides:

1. Except as provided in subsection 3 of this section, a law enforcement officer who arrests any person for a violation of section 577.010 or 577.012, RSMo, or for a violation of a county or municipal ordinance prohibiting driving while intoxicated

---

1. All statutory references are to Revised Statutes of Missouri 1994, unless otherwise indicated.

or a county or municipal alcohol related traffic offense, and in which the alcohol concentration in the person's blood or breath was ten-hundredths of one percent or more by weight, shall forward to the department a verified report of all information relevant to the enforcement action, including information which adequately identifies the arrested person, a statement of the officer's grounds for belief that the person violated section 577.010 or 577.012, RSMo, or a county or municipal ordinance prohibiting driving while intoxicated or a county or municipal alcohol related traffic offense, a report of the results of any chemical tests which were conducted, and a copy of the citation and complaint filed with the court.

2. The report required by this section shall be made on forms supplied by the department or in a manner specified by regulations of the department.

3. A *county or municipal ordinance* prohibiting driving while intoxicated or a county or municipal alcohol related traffic offense may not be the basis for suspension or revocation of a driver's license pursuant to sections 302.500 to 302.540, unless the arresting law enforcement officer, other than an elected peace officer or official, has been certified by the director of the department of public safety pursuant to the provisions of sections 590.100 to 590.150, RSMo.

(Emphasis added). Subsection 3 of § 302.510 prohibits a law enforcement officer who has not been certified from enforcing a *county or municipal ordinance* for a DWI offense. The statute does not prohibit a law enforcement officer from enforcing a *state law* for a DWI offense. The parties agree in this case that Medley's driving privileges were suspended for violation of *state law,* not county or municipal ordinance. Thus, *Allen* and § 302.510 do not support the trial court's ruling.

Medley contends that, even if neither § 302.510.3 nor *Allen* require that law en-

forcement officers be certified in order to enforce DWI laws, peace officers must nevertheless be certified pursuant to § 590.110,[2] which provides in pertinent part:

1. No person shall be appointed as a peace officer by any public law enforcement agency, which is possessed of the duty and power to enforce the general criminal laws of the state or the ordinances of any political subdivision of this state, unless he has been certified by the director as provided in sections 590.100 to 590.180, unless he is appointed on a probationary basis, and the hiring agency, within one year after his initial appointment, takes all necessary steps to qualify him for certification by the director....

Medley is correct that § 590.110 requires a peace officer to be certified by the Department of Public Safety. Officer Gray began working for the Sheriff's Department on July 1, 1995. He was certified by the Department of Public Safety on November 6, 1995, within the one year probationary period provided in § 590.110. Section 590.130 states, in pertinent part: "No arrest shall be deemed unlawful in any criminal or civil proceeding solely because the peace officer is not certified under the terms of sections 590.100 to 590.180. Evidence on the question cannot be received in any civil or criminal case." Reading §§ 302.510.3, 590.130, and 590.110 together, we conclude the lack of certification at the time of Medley's arrest did not invalidate the arrest or the subsequent suspension action.

Medley further contends that *Cooley v. Director of Revenue,* 896 S.W.2d 468, 469 (Mo. banc 1995) stands for the proposition that an officer's lack of certification for *any* DWI arrest precludes suspension. We do not read *Cooley* this broadly. In *Cooley,* the Missouri Supreme Court held that testimony regarding a police officer's certification as a peace officer and as a Type III permittee certified to operate an alcohol breath test device was not subject to the best evidence rule. In its discussion, the court stated: "In an action to suspend driving privileges be-

---

**2.** Section 590.100(4) defines "peace officer" as "members of the state highway patrol, all state, county, and municipal law enforcement officers possessing the duty and power of arrest for viola-

tion of any criminal laws of the state or for violation of ordinances of counties or municipalities of the state who serve full time, with pay."

cause of an arrest for DWI, the Director must prove that the arresting officer is certified under §§ 590.100–.150 as a peace officer." *Id.* at 469. The Court cited § 302.510.3 and *Allen* as authority for the statement. However, this statement was not part of the Court's holding. Although the court phrased the statement as "an arrest for DWI," instead of "an arrest for DWI in violation of a municipal ordinance," we do not believe, as Medley contends, that the Court intended to broaden § 302.510.3 or the holding in *Allen.* Thus, *Cooley* does not lend support to Medley's argument.

We conclude that the trial court erred in setting aside the suspension action and reinstating Medley's driving privileges. Thus, we reverse the trial court's judgment setting aside the order of suspension.

Judgment is reversed.

BRECKENRIDGE, P.J., and EDWIN H. SMITH, J., concur.