STATE of Missouri,
Plaintiff/Respondent,

v.

Donald H. WICKERHAM,
Defendant/Appellant.

No. ED 76899.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 29, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 2000.

Lance R. Drury, Ste. Genevieve, for appellant.

Carl D. Kinsky, Pros. Atty., Ste. Genevieve, for respondent.

ROBERT G. DOWD, Jr., Presiding Judge.

Donald H. Wickerham (Defendant) appeals the judgment of conviction for the Class A misdemeanor of driving while intoxicated in violation of Section 577.010, RSMo 1994. We affirm.

On August 8, 1998 at about 7 p.m., the City Marshal for the City of Saint Mary,

Ronald Barnett, was assisting a stranded motorist when another car pulled up. The driver of the car told Barnett that the driver of a car behind him was all over the road, and he believed the driver was drunk. Barnett got into his patrol car and headed south on Highway 61. Barnett saw a car matching the description and followed it. He observed the car moving erratically, going back and forth and running off the road. The car also weaved into the other lane of traffic.

Barnett activated his lights and siren and pulled the car over to the side of the road. Defendant was driving the car and gave Barnett his driver's license, registration, and proof of insurance. Barnett smelled a strong odor of alcohol and noted Defendant's speech was slurred. Barnett took his license to run a check on Defendant. Barnett radioed that he had a possible drunk driver and requested assistance. A trooper with the Missouri Highway Patrol, Dan Hammersmeier, arrived on the scene about 15–20 minutes after Barnett stopped Defendant. Hammersmeier conducted three field sobriety tests, all of which Defendant failed. Hammersmeier then arrested Defendant for driving while intoxicated. A breathalyzer test showed Defendant's blood alcohol content was .167 percent.

After trial, the court convicted Defendant of driving while intoxicated and sentenced him to a $350 fine and 60 days in jail. The court suspended execution of the 60-day jail sentence and placed Defendant on probation for two years. Defendant appeals.

Defendant contends that the trial court erred in overruling his motion to suppress and allowing testimony of City Marshal Barnett because Barnett de facto arrested him and had no authority to do so since he was not certified in accordance with Section 79.055, RSMo 1994.

Section 79.055, RSMo 1994, provides that city marshals in fourth-class cities who are elected to his or her first term "shall, within six months of such election, cause to be filed with the city clerk of the city and director of the department of public safety proof that he has completed the training program formulated pursuant to sections 590.170 and 590.175, RSMo, or some other comparable training program...." The marshal may receive an extension if such a program is not available. Sections 590.170 and 590.175, RSMo 1994, provide for the director of the Department of Public Safety to formulate a special training program of at least 120 hours of instruction covering all major phases of law enforcement.

Barnett testified that he never received a certification by the Department of Public Safety concerning peace officer standards and training programs. Defendant contends, therefore, that Barnett's arrest of him is invalid.

However, the facts of this case, undisputed by Defendant, show that Barnett never arrested him. The actual arrest for driving while intoxicated occurred by Hammersmeier. He was the officer who administered the field sobriety tests, took Defendant into custody, and administered the breathalyzer test. Hammersmeier is a Missouri Highway Patrol trooper and Defendant does not contend he is uncertified. *See, Kohlhoff v. McNeill,* 725 S.W.2d 37, 38 (Mo.App. E.D.1986).

Here, none of Barnett's actions indicate that he arrested Defendant. Barnett simply stopped Defendant and obtained his driver's license, then called for back up. Barnett's stop of Defendant was an investigative detention pursuant to *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Although an investigative detention is a seizure for Fourth Amendment purposes, it is not necessarily a full custodial arrest. *See, State v. Childress,* 828 S.W.2d 935, 945 (Mo.App. S.D. 1992).

Defendant contends that he was de facto arrested. A de facto arrest occurs for Fourth Amendment purposes

when the officer's conduct is more intrusive than necessary for an investigative stop. *United States v. Hill,* 91 F.3d 1064, 1070 (8th Cir.1996). In considering whether a de facto arrest has occurred, the court considers the length of the stop, whether the suspect was handcuffed or confined in a police car, whether the suspect was transported or isolated, and the degree of fear and humiliation caused. *Id.; State v. Pfleiderer,* 8 S.W.3d 249, 255–56 (Mo.App. W.D.1999).

■ Here, none of the factors indicates Defendant was de facto arrested. Defendant was briefly detained while Barnett checked his driver's license and called for back up. Defendant remained in his vehicle and was not handcuffed or confined in the police car. He was not transported or isolated, and there is no evidence to show Barnett subjected him to any fear or humiliation. Barnett did not arrest Defendant, de facto or otherwise. Moreover, there is some question of whether a de facto arrest would even implicate the provisions of Section 79.055, RSMo 1994 or Chapter 590.

■ As Barnett did not arrest Defendant, it is irrelevant whether he was certified pursuant to Section 79.055, RSMo 1994. We note, however, it is unclear from this record whether Section 79.055, RSMo 1994, even applied to Barnett, because no evidence shows whether he had been elected to his first term or whether he had received any extension. Section 79.055, RSMo 1994, applies only to a "person elected to his first term as city marshal" and further, provides an extension may be granted if a proper course is unavailable.

The judgment is affirmed.

MARY RHODES RUSSELL, J., and RICHARD B. TEITELMAN, J., concur.