**Ronald David MINGS, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. WD 64048.**

Missouri Court of Appeals,
Western District.

June 28, 2005.

Cheryl Ayn Caponegro Nield, Jefferson City, MO, for appellant.

Robert H. Martin, Independence, MO, for respondent.

Before JAMES M. SMART, JR., P.J., RONALD R. HOLLIGER, and LISA WHITE HARDWICK, JJ.

JAMES M. SMART, JR., Judge.

The Missouri Director of Revenue appeals the circuit court's judgment reinstating the driving privileges of Ronald Mings. The judgment is reversed and remanded.

The Director of Revenue revoked Ronald Mings' driving privileges for failure to submit to a breath test. Mings petitioned for a court hearing pursuant to section 577.041.[1] At the hearing, the Director submitted her case via Department of Revenue records. Those records included the arresting officer's report. The officer reported that a truck he was following was traveling at 15 miles per hour on a city street. He observed the truck cross the

---

1. Under section 577.041.4, "[i]f a person's license has been revoked because of ... refusal to submit to a chemical test, such person may petition for a hearing before a circuit ... court in the county in which the arrest or stop occurred." (All statutory references are to the Revised Statutes of Missouri, 2000, unless otherwise noted.)

outside lane marker two times. He continued to follow the truck onto the highway, where it crossed the center lane divider three times.

The officer stopped the truck and identified the driver as Mings. Based on Mings' actions and appearance, the officer believed that he was intoxicated. The officer asked Mings to get out of the truck so that he could perform field sobriety tests. The results of the horizontal gaze and nystagmus test indicated to the officer that Mings was intoxicated. According to the officer's report, Mings refused to do any more field sobriety tests. The officer arrested Mings for driving while intoxicated. He transported Mings to detention, where he advised him of Missouri's implied consent law.[2] Mings reportedly refused to submit to a breath test or answer any of the officer's questions.

Mings testified at the hearing. He offered explanations for most of the things the officer cited as indicia of intoxication. He did not say that he explained any of that to the officer at the time. Mings denied that he was intoxicated and said he told the officer he had not been drinking. He denied that the officer asked him to do any field sobriety tests besides the horizontal gaze and nystagmus test. Mings also testified that he was never asked to submit to a breath test.

■ At a section 577.041 hearing, the trial court "shall determine only" whether or not the person was arrested; whether or not the officer had reasonable grounds (probable cause) to believe that the person was driving while in an intoxicated condi-

tion; and whether or not the person refused to submit to a test. § 577.041.4; *Hinnah v. Dir. of Revenue*, 77 S.W.3d 616, 620 (Mo. banc 2002). The Director bears the burden of establishing each element by a preponderance of the evidence. *Yarsulik v. Dir. of Revenue*, 118 S.W.3d 279, 281 (Mo.App.2003). If the court finds "any issue not to be in the affirmative," it must order reinstatement of the driver's license. § 577.041.5; *Hinnah*, 77 S.W.3d at 620.

Here, the court found the issue of probable cause "not to be in the affirmative" and ordered Mings' driving privileges reinstated. The judgment stated:

> In light of the testimony presented[,] the court evaluates the evidence and credibility of all the testimony received. The court evaluates the situation from the viewpoint of a cautious, trained and prudent police officer at the time of the arrest. The court finds the officer lacked probable cause to arrest the driver. It is therefore ordered that petitioner's application is sustained and the Director of Revenue is ordered to reinstate applicant's license.

The court did not make any findings as to whether Mings refused to submit to a breath test. The Director appeals.

On review, we will affirm the circuit court's judgment unless it is not supported by substantial evidence, it is contrary to the weight of the evidence, or it erroneously declares or misapplies the law. *Hinnah*, 77 S.W.3d at 620.

■ The Director argues that the trial court erred in reinstating Mings' driving

---

2. *See* §§ 577.020.1 and 577.041.1. Pursuant to section 577.020.1, "[a]ny person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent to, subject to the provisions of sections 577.020 to 577.041, a chemical test . . . of the person's breath, blood, saliva or urine [to determine] the alcohol or drug con-

tent of the person's blood[.]" Under section 577.041.1, an officer requesting a person to take such a test must inform the person of the reasons for his request, that evidence of refusal to take a test may be used against him, and that his license shall be immediately revoked upon refusal.

privileges based on a finding of lack of probable cause because the judgment is against the weight of the evidence, is unsupported by substantial evidence, and misapplies the law. The Director says that probable cause to arrest was established by uncontroverted evidence.

We need not examine this issue further because Mings concedes the point. Mings twice states in his brief that he "is in agreement with [the Director's] conclusion on the Probable Cause and arrest issue." Rather than argue probable cause, Mings concentrates on the lack of findings on the refusal issue. We, therefore, reverse the court's judgment on the issue of probable cause.

The Director also says the trial court should have made findings on Mings' refusal to submit to a breath test. The Director urges this court to remand so that the trial court can weigh the evidence on the refusal question and issue appropriate findings.

 Relying on *Boyd v. Director of Revenue*, 43 S.W.3d 901, 904 (Mo.App. 2001), Mings argues that this court lacks jurisdiction because the judgment is not a final, appealable judgment. The *Boyd* court held that without an explicit finding concerning each of the three elements in section 577.041.4, the circuit court's judgment is not final, and thus not appealable. 43 S.W.3d at 904. ·We disagree with that assessment. We do not believe that section 577.041.4 mandates a written finding on all three factors in every section 577.041 case in order to have a final judgment. For example, in a case such as this—where the court made findings as to only one of the three factors, but found that factor not to be in the affirmative—were we to *affirm* that judgment, no fur-

ther findings would be necessary. *See* § 577.041.5 (if the court determines *any issue* not to be in the affirmative, it must order· the license reinstated). Such was the case: in *Yarsulik*, 118 S.W.3d. at 281 n.1, 283.[3]

Here, however, we are *reversing* the court's judgment on the only factor about which it made an explicit finding: probable cause. It is undisputed that Mings was arrested. It is also now undisputed that there was probable cause to believe he was driving in an intoxicated condition. The issue of his refusal is disputed and remains unresolved. Therefore, we remand to the trial court with instructions to weigh the evidence on Mings' refusal and issue appropriate findings.

The judgment is reversed and remanded.

HOLLIGER and HARDWICK, JJ., concur.

---

3. This court, in *Yarsulik,* also observed, in disagreement with *Boyd,* that findings are not required for elements that are uncontroverted and that a court can "determine" an issue without making an express finding of fact where the parties do not request such findings. *Yarsulik,* 118 S.W.3d at 281 n.1.