**Garrel R. BOGART, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. WD 65384.**

Missouri Court of Appeals,
Western District.

March 7, 2006.

Cheryl Ayn Caponegro Nield, Associate Solicitor, Jefferson City, for Appellant.

Harold L. Caskey, Butler, for Respondent.

PAUL M. SPINDEN, Judge.

Even before the director of the Department of Revenue rested her case, the circuit court stopped her presentation of evidence in this driving license suspension case and directed a "verdict" that the license of Garrel R. Bogart be reinstated. The circuit court's ruling came after a police officer testified that Bogart failed several times to blow into a breath-analyzing machine for as long as ordered but that the machine still gave a digital read-

out. The director had concluded that Bogart's failure to blow for the ordered time constituted a refusal to submit to a breath test and suspended Bogart's driving license under Section 577.041, RSMo Supp. 2004. The circuit court based its ruling on a misreading of this court's decision, *Yarsulik v. Director of Revenue*, 118 S.W.3d 279, 282 (Mo.App.2003). We, therefore, reverse the circuit court's judgment and remand for a new trial.

The circuit court first erred in directing a verdict. As a court-tried case, the case did not involve a verdict; hence, the circuit court had no verdict to direct. *Spry v. Director of Revenue*, 144 S.W.3d 362, 367 (Mo.App.2004). When, however, the circuit court mistakenly declares a directed verdict in a court-tried case, we treat the ruling as a judgment on the merits pursuant to Rule 73.01(b). *Id.* This means that, in reviewing the circuit court's ruling, we do not determine whether or not the director made a submissible case as we would do had the circuit court truly directed a verdict, but we apply the standard enunciated in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976): We determine whether or not the circuit court's judgment is supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law.

The circuit court also erred in its declaration of the law. At trial, the circuit court heard evidence that Nevada police officer Lucas Gibson stopped Bogart's pickup just before 11 p.m. after it crossed the center line on a Nevada street. Gibson saw a beer can in the truck's center console. When Bogart stepped out of the pickup at Gibson's request, Bogart stumbled. Gibson smelled alcohol on Bogart's breath. Bogart's slurred his words in talking to Gibson, and his eyes were bloodshot. Bogart admitted that he had drunk a "few beers." Bogart did not perform

well on several field sobriety tests. Gibson arrested him and took him to the Nevada's police headquarters to test his breath. Officer Jeff Baker administered the breath test on a breath-analyzing machine. He instructed Bogart to blow continuously into the machine until told to stop. Bogart started but then stopped blowing repeatedly, preventing the machine from collecting an adequate sample. Baker instructed Bogart several times to keep blowing, and he testified that Bogart did not comply. Baker recorded this in his records as a refusal by Bogart to submit to the test. Although the machine did not produce a printed ticket with a test result, it did show .19 percent of blood alcohol on its digital display.

After presenting this evidence, the director announced that she was recalling Gibson as a witness. Bogart objected. The circuit court responded:

> Well, I'm not sure that it's necessary to recall him. I think there are a line of cases ... beginning with, but including[,] *Yarsulik v. Director of Revenue,* which was heard in this Court and appealed to the Western District, in which this Court was affirmed when the cops got a readout on their machine but fail[ed] to get a ticket printed that says that he's blown.
>
> . . . .
>
> I'm telling you that if they had come in here and tried to convict him of driving while intoxicated and said, ["W]ell, we didn't get a printout out[,] but it read .19, I would find that to be insufficient evidence to convict him, so I'm going to sustain the motion for a directed verdict."

The circuit court did not have a proper understanding of *Yarsulik.*

In *Yarsulik,* this court specifically noted in its opening paragraph that it did not reach the issue noted by the circuit court:

"whether or not a breath analyzer machine's producing a digital display of a breath test's results, but not a print-out, establishes that a driver had refused to submit to a chemical analysis contrary to his lawful obligations." 118 S.W.3d at 280. This court explained in the same paragraph that it did not reach the issue "because the director did not present any evidence that the lack of a print-out resulted from the driver's refusal to provide an adequate sample." *Id.* In affirming the circuit court's judgment to reverse the director's suspension of Ronald Yarsulik's driving license, this court noted:

> The director did not present evidence that Yarsulik did not cooperate in [an officer's] administration of the test, stopped blowing before being told to stop, did not blow hard enough, blew around the mouthpiece, or allowed air to escape. The only evidence of Yarsulik's refusing to take the test was [the officer's] evidence that Yarsulik "stopped blowing." The director offered no evidence that would explain why Yarsulik stopped blowing. We do not even know whether or not he stopped before [the officer] told him to stop. But the reason does not matter. A bald assertion that Yarsulik stopped blowing without establishing that he did so wrongfully is not enough to establish, even under a preponderance of the evidence standard, that he stopped blowing because he intended to thwart the test.

*Id.* at 282.

Contrary to the circuit court's understanding of the law, Missouri's appellate courts have ruled in situations nearly identical to that of Bogart's that a driver's wrongful failure to blow until told to stop constituted refusal to take a breath test. In *Stewart v. McNeill,* 703 S.W.2d 97 (Mo. App.1985), an officer instructed a driver to blow into a breath-analyzing machine until

the machine's green light started blinking. Repeatedly, "contrary to the officer's directions, [the driver] would not breathe into the machine for a long enough period of time to complete the test." *Id.* at 98. The *Stewart* court ruled "that the sole cause of the test failure was [the driver's] repeated refusal to cooperate." *Id.* Although a digital reading may be acceptable for some purposes, *see Spinner v. Director of Revenue,* 165 S.W.3d 228 (Mo.App.2005), this court has not held that law enforcement officers must deem it to be a conclusive test result or that a digital reading alone establishes that the driver did not "refuse" the test under Section 557.041.

Hence, we reverse the circuit court's judgment. We remand with instructions that the circuit court retry the case to give the director an opportunity to complete her case and to give Bogart an opportunity to respond.

JOSEPH M. ELLIS, Presiding Judge, and THOMAS H. NEWTON, Judge, concur.