Roland SENN, Appellant,

v.

DIRECTOR OF REVENUE, Respondent.

No. WD 35313.

Missouri Court of Appeals, Western District.

May 1, 1984.

Motion For Rehearing and/or Transfer to Supreme Court Overruled and Denied July 3, 1984.

Application to Transfer Denied Sept. 11, 1984.

Robert G. Duncan, Kansas City, for appellant.

Albert A. Riederer, Robert Frager, Kansas City, for respondent.

Before SHANGLER, P.J., and KENNEDY and LOWENSTEIN, JJ.

## PER CURIAM:

The Director of Revenue revoked the Appellant's driver's license for a period of one year because appellant refused to submit to a breathalyzer test pursuant to Section 577.041 RSMo Supp.1983. In addition, the Director suspended the appellant's driver's license for 90 days because the appellant obtained eight or more points on his driving record within an 18-month period. The circuit court affirmed the revocation and suspension. We affirm.

On March 10, 1983, Officer Arroyo responded to an accident call at 21 West 12th Street, Kansas City, Missouri. There she encountered Connie Sue Jones, whose parked car had been struck in the rear. Jones described to Officer Arroyo the offending motorist who had left his car and walked away from the accident scene. Officer Stivers heard the description broadcast over his radio and apprehended and arrested the appellant at 1225 Baltimore Avenue.

Officer Arroyo arrived at the arrest scene after the appellant already was handcuffed and inside Officer Stivers' car. Officer Stivers was going off duty, so Officer Arroyo wrote the traffic tickets citing the appellant. Officer Arroyo requested that the appellant take a breathalyzer test. The appellant refused, and Officer Arroyo made a sworn report to the Director of Revenue that she had reasonable grounds to believe that the appellant was driving a motor vehicle while in an intoxicated condition; that she requested that the Appellant submit to a chemical test of his breath to determine the alcoholic content of his blood; that she informed the appellant that his driver's license could be revoked for one year upon his refusal to take the test and that the appellant refused to take the test.

There was no dispute regarding whether the appellant was the driver who struck Jones' car nor was the appellant's intoxication in issue.

The Missouri Department of Revenue (Department) notified the Appellant that his driver's license was revoked for one

year, effective April 20, 1983, due to his failure to take a breathalyzer test. The appellant received a subsequent notice from the department that it had suspended his license for 90 days, effective April 29, 1983, due to his having obtained eight ·or more points within an 18-month period.

I

In the first of his two points on appeal, the appellant challenges the revocation of his driver's license. He argues that the affidavit which Officer Arroyo filed with the Director of Revenue did not comply with Section 577.041 because Officer Arroyo was not the "arresting officer."

Section 577.041 provides, in relevant part:

1. If a person under arrest refuses upon the request of the *arresting officer* to submit to a chemical test, which request shall include the reasons of the officer for requesting the person to submit to a test and which also shall inform the person that his license may be revoked upon his refusal to take the test, then none shall be given. In this event, the *arresting officer*, if he so believes, shall make a sworn report to the director of revenue that he has reasonable grounds to believe that the arrested person was driving a motor vehicle while in an intoxicated condition and that, on his request, refused to submit to the test. Upon receipt of the officer's report, the director shall revoke the license of the person refusing to take the test for a period of one year .... (emphasis supplied).

■ There is no dispute that Officer Stivers initially apprehended and arrested the appellant. When Officer Arroyo reached the arrest scene, the appellant was inside Officer Stivers' police car wearing handcuffs. Officer Stivers transported the appellant nowhere and surrendered his custody directly to Officer Arroyo. Officer Arroyo then continued the restraint which Officer Stivers had initiated and undertook procedures incident to the arrest. These included writing tickets, requesting that the appellant take a breathalyzer test and submitting a sworn report to the Director of Revenue upon the appellant's refusal to take the test. Clearly, Officer Arroyo qualified as an "arresting officer" within the meaning of Section 577.041.

II

On April 5, 1983, the Department of Revenue notified the appellant that it was suspending his driver's license for 90 days due to eight or more points being obtained within an 18 month period, effective April 29, 1983. In his second point, the appellant contests the suspension, claiming that because the Department reinstated his license after his latest traffic conviction, his total points should have been reduced to four.

The appellant's driving record reflects a history of license suspensions and reinstatements. On January 20, 1983, the Department suspended the appellant's driver's license. On February 16, 1983, the appellant was convicted of a traffic violation which occurred on September 10, 1982. Four points were assessed to the Appellant's driving record as a result of this conviction. On March 7, 1983, the Department reinstated the appellant's license, ending the suspension imposed on January 20, 1983. The Department subsequently notified the appellant of the subject suspension on April 5, 1983.

Section 302.304.6 RSMo Supp.1982 [1] states in relevant part:

Upon the issuance of a reinstatement or termination notice after a suspension or revocation of any person's license and driving privilege under the provision of this chapter, the accumulated point value shall be reduced to four points .... Any other provisions of this chapter to the contrary notwithstanding, the effective date of the four points remaining on the record upon reinstatement or termination

1. This statute since has been amended, effective September 28, 1983. The quoted language re-mains almost identical and now appears at Section 302.304.9 RSMo Supp.1983.

shall be the date of the reinstatement or termination notice.

The appellant argues that pursuant to this statute, his point accumulation should have been reduced to four points on March 7, 1983, the date the Department reinstated his license. Thus, he contends, on April 5, 1983, the date he was notified of the suspension in question, he had only four points, not eight. We disagree.

■ In providing for the reduction of points upon reinstatement after a suspension or revocation of any person's license, the Legislature intended to reduce to four points only those points acquired *prior* to the suspension or revocation. *See Bryan v. Schaffner*, 470 S.W.2d 545, 547 (Mo. 1971). Any points accumulated during the suspension or revocation are not eliminated. A contrary statutory construction which sanctions the erasure of points assessed for a conviction occurring during a suspension or revocation would yield absurd and incongruous results. Points are assessed as of the conviction date, not the offense date. By virtue of scheduling a trial on a traffic violation during a period of suspension or revocation, whether fortuitously or by design, a driver could accumulate several points for which he never would have to account.

■ The four points assessed to the appellant's driving record because of his February 16, 1983 conviction were not eliminated when the Department reinstated his license on March 7, 1983. When the four points assessed on the February 16, 1983 conviction are added to the four points reassessed against the appellant when his license was reinstated on March 7, 1983, the appellant's point accumulation totalled eight within an 18 month period. The appellant's license properly was suspended. Section 302.304.2 RSMo Supp.1982.[2]

The judgment is affirmed.

2. Although this statute has been amended, effective September 28, 1983, it still directs the Director of Revenue to suspend the driver's license and driving privileges of any person whose driv-

ing record shows he has accumulated eight points in 18 months. Section 302.304.2 RSMo Supp.1983.