**James A. ASHLINE, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

**No. WD 36890.**

Missouri Court of Appeals,
Western District.

Feb. 11, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 27, 1986.

Robert Davis Aulgur, Asst. Atty. Gen., Jefferson City, for appellant.

James Cleary, Kansas City, for respondent.

Before CLARK, C.J., and TURNAGE and KENNEDY, JJ.

CLARK, Chief Judge.

The Director of Revenue appeals the order made by the circuit court reinstating the driving license of James A. Ashline following a prior suspension ordered by the director under the provisions of § 302.530, RSMo.Cum.Supp.1984.[1] The issue on this appeal is whether appellant presented sufficient evidence at the de novo trial in the circuit court to sustain the license suspension under the conditions imposed by §§ 302.500–.540. The decision by the circuit court is affirmed.

The evidence in the case consisted of a fact stipulation and an alcohol influence report admitted in evidence as an exhibit. According to the stipulation, Ashline was operating a motor vehicle in Kansas City when he was stopped by a police officer because of erratic driving. The officer observed apparent indications of alcohol intoxication and Ashline was placed under arrest and conveyed to a police station where a chemical breathalyzer test was administered. The report disclosed a blood alcohol concentration of .24 percent. The report and the stipulation show that the officer administering the test held a valid permit to conduct breathalyzer examinations and in the test given to Ashline, the procedures required by the Missouri Division of Health were observed.

■ The trial court reversed the license suspension ordered by the Director of Revenue on the ground that the stipulated facts did not show that the officer had probable cause to believe Ashline's blood alcohol content was .13 percent or greater until after the chemical breathalyzer test had been administered. In *Collins v. Director of Revenue*, 691 S.W.2d 246 (Mo. banc 1985), decided after the judgment was entered in this case, the court held an arrest under § 302.510 to be valid if the officer had probable cause to believe the subject was driving while intoxicated or driving with an excessive blood alcohol content. Under *Collins* it is unnecessary for the state to show proof of probable cause to believe the subject had a specific level of blood alcohol. The basis for reversal of the suspension relied on by the trial court in this case is no longer viable after *Collins*.

■ Our inquiry, however, does not end at this point. In a court tried case, a correct decision will not be disturbed because the trial court gave a wrong or insufficient reason therefor. *Reed v. Foulks*, 675 S.W.2d 695, 698 (Mo.App.1984); *Edgar v. Fitzpatrick*, 377 S.W.2d 314, 318 (Mo. banc 1964). Here if the proof supporting the license suspension was otherwise deficient as measured by the requirements of §§ 302.500–.540, the judgment is entitled to affirmance, the question of probable cause notwithstanding.

■ Section 302.510.3 provides that if the offense constituting the basis for suspension of a driver's license is a county or municipal ordinance, the arresting law enforcement officer, if not an elected official, must have been certified by the director of the department of public safety pursuant to §§ 590.100 to 590.150, RSMo. In this case, the alcohol influence report shows the offenses charged against Ashline to have been ordinance violations and the arrest to have been made by a police officer. There was no proof or tender of proof that the officer had been certified according to Chapter 590 of the statutes.

In the trial de novo of a petition to review a driving license suspension, the burden is on the state to make a prima facie case. Section 302.535. An essential element of that proof is the officer certification which the statute requires. The state failed here to make that proof and, in consequence, the license suspension may not stand.

The judgment ordering reinstatement of respondent's license is affirmed.

All concur.

1. All statutory references are to RSMo.Cum. Supp.1984.