Matthew HLAVACEK, Appellant,

v.

**DIRECTOR OF REVENUE,**
**Respondent.**

**No. WD 62357.**

Missouri Court of Appeals,
Western District.

Nov. 12, 2003.

---

Jeffrey S. Eastman, Gladstone, MO, for Appellant.

Kenneth R. Garrett, Jefferson City, MO, for Respondent.

Before JOSEPH M. ELLIS, C.J., ROBERT G. ULRICH and RONALD R. HOLLIGER, JJ.

ROBERT ULRICH, Judge.

Matthew R. Hlavacek ("Mr. Hlavacek") appeals the trial court's judgment affirming the Director of Revenue's ("Director") decision suspending his driver's license on the basis that no substantial evidence exists to support the trial court's judgment. He claims that the Director failed to sustain her burden of proving by a preponderance of the evidence that the officer that arrested him was certified by the Department of Public Safety as required by section 302.510.3, RSMo 2000, because he was charged with violating a municipal ordinance and not a Missouri statute. The judgment of the trial court is reversed.

## Factual and Procedural History

On August 17, 2000, Officer Dennis Coats ("Officer Coats"), a Kansas City, Missouri, Police Officer, observed Mr. Hlavacek driving a vehicle on a public road toward an intersection in the right-turn only lane. Instead of turning right, Mr. Hlavacek drove straight through the intersection. After stopping Mr. Hlavacek, Officer Coats noticed a strong odor of alcohol on Mr. Hlavacek's breath and that his movements were unsteady when he exited his vehicle. Officer Coats conducted two field sobriety tests on Mr. Hlavacek, the walk-and-turn test and the one-legged stand. During the walk-and-turn test, Mr. Hlavacek had difficulty maintaining his balance, was unable to walk in a straight line, and could not walk heel-to-toe. While performing the one-legged-stand test, Mr. Hlavacek swayed, used his arms to balance, and had to place his foot down more than three times. After conducting the two tests, Officer Coats arrested Mr. Hlavacek on suspicion of driving while under the influence. He then transported Mr. Hlavacek to a field sobriety checkpoint where he turned Mr. Hlavacek over to Officer Philpot.

Officer Philpot obtained Mr. Hlavacek's consent to perform a breath test. The breathalyzer test revealed that Mr. Hlavacek's blood alcohol concentration was .175 percent. Officer Philpot issued Mr. Hlavacek a citation for driving while under the influence in violation of the city ordinance of Kansas City. Upon receipt of a report of this information, the Director suspended Mr. Hlavacek's driving privileges. The decision was upheld after an administrative hearing. Mr. Hlavacek filed a petition for a trial de novo pursuant to section 302.535, RSMo 2000.

The trial de novo was held on January 2, 2003, in the Circuit Court of Jackson County. The trial court's judgment upheld the administrative sanction, finding that the Director had shown probable cause and a blood alcohol level of .08 percent or above. Mr. Hlavacek filed this appeal on January 22, 2003.

## Claimed Error

In his sole point on appeal, Mr. Hlavacek claims that the trial court erred in affirming the Director's decision to revoke his driving privileges because the Director failed to sustain her burden of proving by a preponderance of the evidence that the arresting officer, who arrested him for violating a municipal ordinance and not a state statute, was certified by the Director of the Department of Public Safety as required by section 302.510.3, RSMo 2000.

## Standard of Review

 A driver may petition for a trial de novo in the circuit court after the driver has received an adverse decision from the Department of Revenue. § 302.535.1, RSMo 2000; *Reynolds v. Dir. of Revenue,* 20 S.W.3d 571, 573–74 (Mo.App. W.D.2000) (citations omitted) (*overruled on other grounds by Verdoorn v. Dir. of Revenue,* 119 S.W.3d 543, 546 (Mo. banc 2003)).[1] On appeal, the decision of the trial court and not that of the Department of Revenue is reviewed. *Saladino v. Dir. of Revenue,* 88 S.W.3d 64, 68 (Mo.App. W.D.2002) (citing *Reynolds,* 20 S.W.3d at 574). *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976) governs appellate review of the trial court's judgment after a trial de novo. *Neeley v. Dir. of Revenue,* 104 S.W.3d 797, 800–01 (Mo.App. W.D.2003) (citing *Reyn-*

*olds,* 20 S.W.3d at 574). The trial court's judgment must be affirmed on appeal unless there is no substantial evidence to support the decision, the decision is against the weight of the evidence, or the trial court erroneously declares or applies the law. *Innis v. Dir. of Revenue,* 83 S.W.3d 691, 694 (Mo.App. W.D.2002). An appellate court will accept as true "the evidence supporting the circuit court's judgment, as well as all reasonable inferences drawn from such evidence, and will disregard all contrary evidence and inferences." *Neeley,* 104 S.W.3d at 801 (citations omitted).

## Analysis

The Director acknowledges by inference that proof was not specifically offered that Officer Coats was certified by the Director of Public Safety as required by section 302.510.3, RSMo 2000. She asserts, however, that the trial court could reasonably infer that Officer Coats was certified by the Department of Public Safety because he could not be a police officer for Kansas City, Missouri, for ten and half years unless he was certified. She notes in support of her position that 11 C.S.R. 75–6.010(3) requires "[a]ll [police] officers employed in Missouri ... to have a minimum of three hundred (300) hours, then four hundred and seventy (470) hours, after August 28, 1996, of basic training for purposes of certification." The Director argues in the alternative that whether Officer Coats was certified is irrelevant because Officer Philpot was the arresting officer of Mr. Hlavacek, and the evidence established that Officer Philpot was certified as required under section 302.510.3, RSMo 2000.

---

1. Cases in this opinion that have been overruled on other grounds by *Verdoorn* have been noted throughout the opinion. In *Verdoorn,* the Missouri Supreme Court noted that several cases misstate the "evidentiary rebuttal standards" to be used in a trial de novo under section 302.535.1, RSMo 2000. These cases are overruled only to that extent. In this opinion, the noted cases have been cited for other propositions.

## Arresting Officer

Two issues are considered in addressing the Director's claimed error on appeal: considering the evidence presented, (1) who was the arresting officer and (2) was the arresting officer certified? The Director contends that Officer Philpot was the arresting officer because he filed affidavits with the Director stating that he had reasonable grounds to believe that Mr. Hlavacek was driving a motor vehicle while intoxicated. In support of her argument, the Director cites *Senn v. Director of Revenue*, 674 S.W.2d 43, 45 (Mo.App. W.D.1984).

In *Senn*, the licensee's driver's license was revoked under the provisions of section 577.041, RSMo 1982. *Id.* at 45. Section 577.041 provided that an arrested person's driver's license could be revoked for refusal to submit to a chemical test. *Id.* Two police officers were involved in Mr. Senn's arrest. *Id.* at 44. The first officer, Officer Arroyo, responded to a hit-and-run accident scene where she radioed a description of the runaway driver, Mr. Senn, to other members of the police force. *Id.* Another officer, Officer Stivers, heard the description, observed Mr. Senn driving down the street, pulled him over and apprehended him. *Id.* Officer Arroyo arrived on the scene after Mr. Senn had been arrested and handcuffed. *Id.* Because Officer Stivers was going off duty, Officer Arroyo wrote the traffic tickets citing Mr. Senn, requested that he take a breathalyzer test, and submitted a sworn report to the Director when he refused to take the test. *Id.* Mr. Senn's driver's license was subsequently revoked. *Id.*

Mr. Senn challenged the revocation of his driver's license on the basis that the affidavit that Officer Arroyo submitted to the Director did not comply with section 577.041 because Officer Arroyo was not the arresting officer. *Id.* at 45. The *Senn* court found that Officer Arroyo was an "arresting officer" within the meaning of the statute because although Officer Stivers initially apprehended and arrested Mr. Senn, Officer Stivers did not transport Mr. Senn to Officer Arroyo and he immediately surrendered his custody of Mr. Senn to Officer Arroyo. *Id.*

Several key distinctions between *Senn* and the present case exist. First, the *Senn* court's holding that the second officer was qualified as an "arresting officer" was specific to section 577.041.[2] This decision is inapplicable to section 302.510.3, RSMo 2000. Not only does the *Senn* holding have no application to the present case, the statute on which *Senn* was based, section 577.041, was amended in 1998 omitting the requirement that an "arresting officer" submit the sworn affidavit. Section 577.041, RSMo 2000, provides that any officer may submit the report. Thus, the *Senn* court's holding is not only inapplicable to this case but also is no longer applicable to section 577.041, RSMo 2000.

Another key distinction between *Senn* and this case is that Officer Stivers did not transport Mr. Senn to Officer Arroyo. In the present case, Officer Coats transported Mr. Hlavacek to Officer Philpot. This was one of the bases for the *Senn* court's ruling. *See id.* at 45. The Director's reliance on *Senn* is misplaced.

An arrest occurs when either a person is actually restrained by an officer or a person submits to the officer's custody. *Saladino*, 88 S.W.3d at 68 (citing

---

2. The *Senn* court ruled "... Officer Arroyo qualified as an 'arresting officer' within the meaning of section 577.041." *Id.* at 45.

§ 544.180, RSMo 2000;[3] *Callendar v. Dir. of Revenue*, 44 S.W.3d 866, 868 (Mo.App. W.D.2001)). The record reflects that Officer Coats placed Mr. Hlavacek under arrest for suspicion of driving under the influence by handcuffing his hands behind his back. "An arrest occurs when surrounding circumstances are such that a reasonable person would believe that he or she is not free to leave; that is, when his or her person is seized by law enforcement authorities." *Peters v. Dir. of Revenue*, 35 S.W.3d 891, 896 (Mo.App. S.D.2001) (quoting *State v. Bigsby*, 891 S.W.2d 160, 163 (Mo.App.1995), citing *U.S. v. Mendenhall*, 446 U.S. 544, 553–54, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980)). Officer Coats' actions epitomized the definition of an arrest. For that reason, the arrest occurred when Officer Coats handcuffed Mr. Hlavacek and restrained his liberty by placing him in the squad car. Officer Coats was, thus, the arresting officer.

### Certification

■ The next issue considered is whether Officer Coats was certified at the time that he arrested Mr. Hlavacek as required by section 302.510.3. "Certification of the arresting officer is an essential element of the state's case in an action to suspend driving privileges as a result of arrest for a county or municipal violation of a 'DWI' ordinance." *Allen v. Dir. of Revenue*, 845 S.W.2d 724, 725 (Mo.App. W.D.1993) (citing *Ashline v. Dir. of Revenue*, 707 S.W.2d 432, 433 (Mo.App.1986)). Section 302.510.3 governs this case and provides in pertinent part:

A county or municipal ordinance prohibiting driving while intoxicated or a county or municipal alcohol-related traffic offense may not be the basis for suspension or revocation of a driver's license pursuant to sections 302.500 to 302.540, unless the arresting law enforcement officer, other than an elected peace officer or official, has been certified by the director of the department of public safety pursuant to the provisions of sections 590.100 to 590.180, RSMo.

This statutory provision provides that if the basis for suspension of a driver's license is the violation of a county or municipal ordinance, then the arresting officer must have been certified by the Department of Public Safety pursuant to sections 590.100 to 590.180, RSMo.

■ Officer Coats testified at the trial de novo that he did not know whether the Department of Public Safety certified him. The relevant testimony follows:

Q. How long have you worked for the Kansas City, Missouri Police Department?

A. Approximately 10½ years.

R. And could you tell the Court what type of training you received to become a Kansas City Missouri police officer?

A. Six months training at the police academy, approximately 960 hours of post-certification I think it is.

Q. Okay. And you have been certified by the Missouri Department of Public Safety?

A. I don't know. I would presume so.

The Director attempted to establish, through Officer Coats' testimony alone, that he was certified. Generally, a peace officer's certification is a matter within the officer's personal knowledge. *Hartman v. Dir. of Revenue*, 884 S.W.2d 743, 744 (Mo. App. E.D.1994) (citing *Elliot v. Dir. of*

---

**3.** Section 544.180, RSMo 2000 provides, in part, that "[a]n arrest is made by an actual restraint of the person of the defendant, or by his submission to the custody of the officer, under authority of a warrant or otherwise."

*Revenue,* 882 S.W.2d 745 (Mo.App. E.D. 1994)). Here, Officer Coats' testimony was that he did not know if he was certified. No other evidence concerning Officer Coats' certification was offered.

The Director claims that the trial court could reasonably infer from Officer Coats' testimony that he was certified because he testified that he had nine hundred and sixty (960) hours of post-certification training and had been a police officer of the Kansas City, Missouri, Police Department for ten and half years. To support her argument, the Director contends that 11 C.S.R. 75–6.010(3) requires all police officers to have a minimum number of hours in order to be certified.[4] The Director claims that Officer Coats could not be a police officer of the Kansas City police force for ten and half years without being certified. Mr. Hlavacek argues that the regulation is inapplicable to this case because it was rescinded on October 30, 2002. Because Mr. Hlavacek was arrested for suspicion of driving under the influence on August 17, 2002, the regulation was still in effect and applies to this case. However, even though the regulation applies, it does not support the Director's position.

Section 302.535.1, RSMo 2000, governs a trial de novo and provides, in pertinent part: "The burden of proof shall be on the state to adduce the evidence." The Director has the burden of proving by a preponderance of the evidence a prima facie case for suspension of a driver's license. *Neeley,* 104 S.W.3d at 801 (citing *Haas v. Dir. of Revenue,* 975 S.W.2d 483, 484 (Mo.App. E.D.1998) (*overruled on other grounds by Verdoorn,* 119 S.W.3d at 546)). "An essential element of that proof is the officer certification which the statute requires." *Ashline v. Dir. of Revenue,* 707 S.W.2d 432, 433 (Mo.App. W.D.1986).

No proof was offered that Officer Coats had been certified according to Chapter 590 and as required by section 302.510.3. Officer Coats testified that he did not know whether he was certified. Proof that Officer Coats was a police officer for Kansas City, absent any evidence that Kansas City, Missouri, police officers are certified as required by Chapter 590, did not prove the requisite element. The Director failed to make the requisite proof and, as a consequence, Mr. Hlavacek's license suspension may not stand. The Point is granted.

## Appellant's Motion for Attorney Fees on Appeal

Mr. Hlavacek filed his motion for attorney fees prior to submission of this case on appeal in accordance with Western District Special Rule XXIX. Western District Special Rule XXIX provides:

> Any party claiming an amount due for attorney's fees on appeal pursuant to contract, statute or otherwise and which this Court has jurisdiction to consider, must file a written request before submission of the cause. This shall not apply to claims for damages under Rule 55.03 or Rule 84.19.

The General Assembly has granted authority to award costs and attorney fees to a litigant who successfully appeals a trial court's decision upholding the Department's ruling to suspend or revoke the person's license following a hearing con-

---

4. The Director contends that she asked the trial court to take judicial notice of 11 C.S.R. 75–6.010(3). Neither the transcript of the trial de novo nor the trial court's judgment indicates that the court took judicial notice of the regulation. As discussed in the opinion, even if the trial court had taken judicial notice of the regulation, it would not have supported the Director's argument that Officer Coats was certified at the time he arrested Mr. Hlavacek.

ducted according to subsection 1 of section 302.535, RSMo 2000.

Section 302.536, RSMo 2000, states:

If the judge upholds the [D]epartment's ruling to suspend or revoke a person's license after a hearing conducted pursuant to subsection 1 of section 302.535, and the person appeals such ruling, the [D]epartment shall pay any court costs and attorney fees the person incurs pursuant to such appeal if the court reverses the [D]epartment's ruling to suspend or revoke such person's license.

■ Mr. Hlavacek asserts in his motion that he has incurred costs of $445.42 in prosecuting this appeal and attorney fees in the sum of $2,500. Mr. Hlavacek has complied with Western District Special Rule XXIX for filing a motion for attorney fees, and Mr. Hlavacek is entitled by statute to recover from the Department of Revenue both costs and attorney fees. Mr. Hlavacek's motion for costs and attorney fees is granted.

## Conclusion

The judgment is reversed and the case is remanded with directions to the trial court to enter judgment ordering the reinstatement of Mr. Hlavacek's driving privileges and to determine the amount of costs and attorney fees to be awarded Mr. Hlavacek in accordance with section 302.536, RSMo 2000.

All concur.