Bruce W. **HIBBARD**, Respondent,

v.

**DIRECTOR OF REVENUE**, Appellant.

No. ED 87803.

Missouri Court of Appeals, Eastern District, Northern Division.

Dec. 12, 2006.

Cheryl Caponegro Nield, Assistant Attorney General, Jefferson City, MO, for appellant.

Mark S. Wasinger, Hannibal, MO, for respondent.

Before GLENN A. NORTON, P.J., PATRICIA L. COHEN, J., and ROY L. RICHTER, J.

PER CURIAM.

### Introduction

The Director of Revenue (Director) appeals the judgment entered against her by the Circuit Court of Ralls County ordering Director to set aside the administrative suspension of Bruce W. Hibbard's (Driver) driving privileges. We affirm.

### Background

Director sought to administratively suspend Driver's driving privileges upon the allegation that Driver operated a motor vehicle with a blood alcohol level of .08% or higher. On November 29, 2005, Driver filed a petition in circuit court seeking a trial *de novo*. The clerk issued a summons to Director, setting a court date of December 27, 2005 at 10:00 a.m. Director was served on December 16, 2005.

The trial court called the case on December 27, 2005. Driver's counsel appeared, but Director did not. On December 28, 2005, the trial court entered its Judgment and Decree, ordering Director to set aside the administrative suspension of Driver's driving privileges and noting that Director "although being duly called, appears not."

On January 5, 2006, Director filed an appearance, answer and motion to set aside the judgment pursuant to Rule 74.06(d).[1] In its motion, Director asserted as grounds to set aside the judgment that Director was "not provided adequate time to appear and/or file pleadings" and that "[Director] has a meritorious defense to the underlying petition."[2] The trial court heard arguments and denied Director's motion to set aside on March 2, 2006. Director appeals from the judgment of March 2, 2006.

A trial court's order and judgment will be sustained on review unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

On appeal, Director contends the trial court erred by: (1) entering a judgment sustaining Driver's petition after Director failed to appear for trial and (2) refusing to set aside the judgment pursuant to Rule 74.05(d). We disagree.

Section 302.535 enables a person aggrieved by a decision of the department of revenue to file a petition for a trial *de novo*. Section 302.535 RSMo. Cum.Supp. 2005. Section 517.011 authorizes associate circuit judges to hear such cases and notes that "provisions of this chapter shall apply to the practice and procedure in civil cases originally filed before associate circuit

---

1. Rule 74.06(d) provides as follows: "This Rule 74.06 does not limit the power of the court to entertain an independent action to relieve a party from a judgment or order to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela and bills of review and bills in the nature of a bill of review are abolished, and the procedure for obtaining any relief from judgment shall be by motion as prescribed in these Rules or by an independent action."

2. Neither of these grounds appear as a basis for setting aside a judgment pursuant to Rule 74.06(d). However, Rule 74.05(d) provides that "[u]pon motion stating facts constituting a meritorious defense and for good cause shown ... a default judgment may be set aside." Rule 74.05(d) further provides that "[g]ood cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process."

judges in hearing and determining" such cases. Section 517.011 RSMo 2000. Section 517.041 requires a court date more than 10 days but less than 30 days after service. Section 517.041 RSMo.2000.

 Here, Driver filed her petition before an associate circuit judge. Director was served on December 16, 2005 and summoned to appear before the court on December 27, 2005. Director failed to appear at trial and adduce evidence. Pursuant to Section 302.505.1, "the 'burden of proof' is on the director of revenue to establish grounds for the suspension or revocation by a preponderance of the evidence." *Verdoorn v. Director of Revenue,* 119 S.W.3d 543, 545 (Mo. banc 2003). If Director fails to make the requisite proof, the driver's license suspension may not stand. *See Hlavacek v. Director of Revenue,* 129 S.W.3d 374, 380 (Mo.App.W.D. 2003). Because Director presented no evidence, she did not establish a *prima facie* case. Accordingly, the trial court properly entered judgment for Driver.

 The trial court also did not err in denying Director's motion to set aside a default judgment. As an initial matter, we disagree that the trial court entered a default judgment on December 27. As Director candidly admits in her brief, "the default concept does not translate well in the driver's license context where, anomalously, the driver initiates the litigation in circuit court by filing the petition, but the Director has the burden of proof." However, after implicitly recognizing that the trial court entered a judgment on the merits, Director asserts that "whatever the result is called ... the court's refusal to set aside the judgment is an abuse of

discretion." The difficulty with this approach is that Director only moved to set aside the judgment on the grounds provided for in Rule 74.05(d).[3] Although Director may well have moved to set aside the judgment on a different basis than that set forth in Rule 74.05(d), she chose not to do so. We will not charge the trial court with an error for denying a motion that was never before it. In any event, here, we find nothing in the record which establishes that the trial court abused its discretion in denying Director's motion to set aside a default judgment. Point denied.

### *Conclusion*

We affirm the trial court's judgment.

---

3. Even though Director described her motion to set aside as pursuant to Rule 74.06(d), the body of the motion asserts grounds found only in Rule 74.05(d). Moreover, on appeal, Director argues that she "plead the require-

ments of Rule 74.05(d)" and therefore the "default judgment should have been set aside." For purposes of this discussion, we therefore assume that Director intended to file her motion pursuant to Rule 74.05(d).