IN THE MISSOURI COURT OF APPEALS
 WESTERN DISTRICT
 PAUL JOSEPH MOTTET, )
 )
 Respondent, )
 v. ) WD84301
 )
 ) OPINION FILED:
 DIRECTOR OF REVENUE, STATE OF ) October 12, 2021
 MISSOURI, )
 )
 Appellant. )

 Appeal from the Circuit Court of Putnam County, Missouri
 The Honorable Samuel D. Frank, Judge

 Before Special Division: Zel M. Fischer, Special Judge, Presiding, and
 Mark D. Pfeiffer and Gary D. Witt, Judges

 The Director of Revenue of the State of Missouri (“Director”) appeals from the judgment

of the Circuit Court of Putnam County, Missouri (“trial court”), denying the Director’s motion to

set aside judgment under Rule 74.06. We affirm.

 Factual and Procedural Background

 On May 24, 2020, Paul Mottet (“Mottet”) was arrested for driving while intoxicated and

the Director administratively revoked his license for one year as of June 8, 2020, for allegedly

refusing to submit to a chemical test of his breath. On June 15, 2020, Mottet filed a petition with

the trial court seeking review of the Director’s administrative revocation of his license. The

prosecuting attorney for Putnam County entered his appearance as counsel for the Director on
July 15, 2020; moved to continue the hearing scheduled for August 25, 2020; participated in

rescheduling the hearing for October 13, 2020; and subpoenaed a witness for that hearing.

 On October 13, 2020, the trial court called the case for trial. Mottet appeared by counsel,

but the prosecuting attorney failed to appear on behalf of the Director when the case was initially

called for trial. The trial court waited approximately a half hour before recalling the case, but the

prosecutor remained absent from the proceedings. Thereafter, the trial court entered judgment

against the Director, stating that “[n]o evidence was presented, leaving this Court therefore unable

to find all of the issues set out in § 302.574.4, RSMo. in the affirmative.”1 The trial court ordered

the Director to reinstate Mottet’s driving privileges pursuant to section 302.574.52 and to set aside

the disqualification sought under section 302.755 of Mottet’s commercial driver’s license for

refusal to submit to a chemical test.

 Subsequently, an attorney with the Department of Revenue’s general counsel’s office

entered an appearance on behalf of the Director and moved under Rule 74.06(b) of the Missouri

Rules of Civil Procedure for the trial court to set aside the judgment and grant a new trial on the

grounds that the judgment was void because it violated section 56.090. A hearing was held on the

 1
 There is some confusion between the parties and the trial court about labeling this judgment as a judgment
by default. It was not a default judgment and any reference to this judgment as a default judgment is a misnomer.
The Director is not required to file a responsive pleading and is, thus, not subject to judgment by default. Nguyen v.
Dir. of Revenue, 900 S.W.2d 238, 239 (Mo. App. E.D. 1995). “We note that there is generally a distinction between
a default judgment and a judgment rendered after a party has filed pleadings but failed to appear. Where the judgment
is taken after a party files pleadings but does not appear, it is considered a judgment on the merits.” Hiler v. Dir. of
Revenue, 48 S.W.3d 683, 687 (Mo. App. W.D. 2001). See also State ex rel. Nixon v. McGee, 213 S.W.3d 730, 731
(Mo. App. W.D. 2007) (“If the party had answered the pleadings or otherwise defended against the pleadings but did
not appear at trial, the judgment was on the merits.”). Further, the motion seeking to set aside the judgment was
pursuant to Rule 74.06 (i.e., relief from judgment) and not Rule 74.05(d) (i.e., relief from default judgment).
Additionally, it bears noting that at no time has the Director argued that the trial court abused its discretion in refusing
to set aside the judgment; instead, the Director’s argument below and before our Court has been that the judgment
was void.
 2
 All statutory references are to the REVISED STATUTES OF MISSOURI 2016, as updated by the 2020
Cumulative Supplement.

 2
motion to set aside judgment on January 21, 2021,3 at the conclusion of which, the trial court

denied the Director’s motion.

 The Director now appeals.

 Standard of Review

 “We ordinarily review the denial of a Rule 74.06(b) motion for abuse of discretion.” New

LLC v. Bauer, 586 S.W.3d 889, 894 (Mo. App. W.D. 2019) (citing Henry v. Piatchek, 578 S.W.3d

374, 377-78 (Mo. banc 2019)). “However, whether a judgment should be vacated because it is

void is a question of law that we review de novo.” Id. at 895.

 Additionally, statutory interpretation is a question of law that we review de novo. “Our

primary rule of statutory interpretation is to give effect to the legislative intent as reflected in the

plain language of the statute at issue.” Truman Med. Ctr., Inc. v. Progressive Cas. Ins. Co., 597

S.W.3d 362, 367 (Mo. App. W.D. 2020). “When ascertaining legislative intent, each word, clause,

sentence, and section of a statute should be given meaning . . . .” Piercy v. Mo. State Highway

Patrol, 583 S.W.3d 132, 140 (Mo. App. W.D. 2019). We presume the legislature does not create

useless or superfluous language in its statutes. Young v. Boone Elec. Coop., 462 S.W.3d 783, 792

(Mo. App. W.D. 2015) (citing Bateman v. Rinehart, 391 S.W.3d 441, 446 (Mo. banc 2013)).

 Analysis

 In the Director’s sole point on appeal, the Director contends that the trial court erred in

denying his motion to set aside judgment because the trial court’s judgment was void.

 Rule 74.06 governs relief from judgments. Rule 74.06(b) provides that the trial court “may

relieve a party or his legal representative from a final judgment or order for the following

reasons: . . . (4) the judgment is void[.]” “Because courts favor finality of judgments, the concept

 3
 Appellant failed to provide this Court with a transcript of the hearing.

 3
of a void judgment is narrowly restricted.” New LLC, 586 S.W.3d at 895 (internal quotation marks

omitted). “A judgment is void under Rule 74.06(b)(4) only if the trial court lacked subject matter

jurisdiction, lacked personal jurisdiction over the defendant, or entered the judgment in a manner

inconsistent with due process.” Id. “[J]udgments have been declared void for lack of due process

when litigants have been denied notice of critical proceedings or were subject to involuntary

waiver of claims.” Forsyth Fin. Grp., LLC v. Hayes, 351 S.W.3d 738, 741 (Mo. App. W.D. 2011).

However, these due process concerns typically are not invoked “where the defendant received

proper notice of the proceedings and waived rights as a result of his own failure to appear.” Id.

(emphasis added).

 To support the claim that the judgment is void, the Director argues that general provisions

in chapter 56 of the Revised Statutes of Missouri regarding the duties of prosecuting attorneys,

apply to any case in which the prosecutor is required to represent a state entity, including the

Director of the Department of Revenue. We disagree.

 The Director relies on section 56.060 (“[A] prosecuting attorney shall commence and

prosecute all civil and criminal actions in the prosecuting attorney’s county in which the county or

state is concerned, [and] defend all suits against the state or county . . . .”); section 56.090 (“No

judge shall allow the cases alluded to in sections 56.060 . . . to be tried before him, unless the

prosecuting attorney or someone properly qualified to prosecute for him is present.”); and

section 56.120 (“If [the prosecuting attorney] be sick or absent, such court shall appoint some

person to discharge the duties of the office until the proper officer resumes the discharge of his

duties.”).

 First, the current proceeding is civil and not criminal. Second, this is not a case “against

the state or county.” Mottet did not bring an action against the State of Missouri or Putnam County;

 4
rather, he brought an action against the Director of the Department of Revenue, which under

article IV, section 12 of the Missouri Constitution is a department within the executive branch of

the State of Missouri over which the Director has administrative responsibility and authority. The

real party in interest in a petition for review of a driver’s license revocation is, plainly, the Director

of the Department of Revenue, and not the State of Missouri. See Jackson v. Dir. of Revenue, 893

S.W.2d 831, 833 (Mo. banc 1995). Thus, the aforesaid general provisions of chapter 56 are not

applicable to the current proceeding.

 More specifically, the General Assembly enacted chapter 302, Missouri’s Suspension and

Revocation Administrative Procedure Act, for the purpose of “establish[ing] an administrative

framework for the suspension or revocation of drivers’ licenses.” Peterman v. Dir. of Revenue,

579 S.W.3d 268, 272 (Mo. App. E.D. 2019). Section 302.574.3 authorizes the Director to revoke

a person’s driver’s license for one year for refusal to submit to a chemical test. Section 302.574.4

gives the person the right to file a petition for review to contest the revocation in the circuit court

in the county in which the arrest or stop occurred. And, as stated previously, in such a petition for

review, the Director is the proper adverse party. See Jackson, 893 S.W.3d at 833. “Upon the

person’s request, the clerk of the court shall notify the prosecuting attorney of the county and the

prosecutor shall appear at the hearing on behalf of the director of revenue.” § 302.574.4

(emphasis added). Before us is the situation in which a prosecuting attorney is specifically

required by section 302.574.4 to represent the Director.

 Thus, if we are to presume that the legislature does not create superfluous language in its

statutes, State ex rel. Koster v. KC Bd. of Police Comm’rs, 532 S.W.3d 191, 198 (Mo. App. W.D.

2017), there would be no need for the “shall” directive in section 302.574.4 if section 56.060 was

the applicable directive. Stated another way, if chapter 56 required prosecutors to represent the

 5
Director in every case in which the Director was a named party, the provision in section 302.574.4

requiring that the prosecutor appear on behalf of the Director would be rendered meaningless and

superfluous, contrary to the rules of statutory construction. Hence, section 302.574.4 is

controlling, and there is no similar prohibition upon the trial court in chapter 302 as is found in

chapter 56, and the general provisions of chapter 56 do not apply to actions under chapter 302,

Missouri’s Suspension and Revocation Administrative Procedure Act. Simply put, there is nothing

in chapter 302 prohibiting a judgment against the Director when duly notified of a trial setting and

the Director fails to appear at the trial and fails to adduce evidence.

 In short, the Director is represented by the prosecutor in this civil proceeding and is treated

as any other party to a civil lawsuit.4 Although the opportunity to be heard is a requisite component

of due process, after a civil litigant has been informed of a pending matter against him, the litigant

“can choose for himself whether to appear or default, acquiesce or contest.” Kerth v. Polestar

Ent., 325 S.W.3d 373, 379 (Mo. App. W.D. 2010) (quoting Mullane v. Cent. Hanover Bank &

Trust Co., 339 U.S. 306, 314 (1950)).

 The Director does not contend, nor does the record support the contention, that the Director

was not informed of the proceedings against him. Mottet’s petition was filed on June 15, 2020,

the clerk of the court issued a summons for service by mail the following day, and Mottet

acknowledged that such service was executed less than a month later. By July 15, 2020, the

prosecutor entered his appearance, and later subpoenaed witnesses and participated in scheduling

conferences. Nevertheless, the Director by and through its legal representative, the prosecuting

 4
 In fact, the Director has argued that the prosecutor is not authorized to represent its office unless the statute
expressly denominates as such. See Robinson v. Dir. of Revenue, 32 S.W.3d 148, 155 (Mo. App. S.D. 2000).

 6
attorney, failed to appear when the case was called for trial and failed to adduce any evidence.5

Under these identical circumstances, the Eastern District of this Court has said:

 Pursuant to Section 302.505.1, “the ‘burden of proof’ is on the director of revenue
 to establish grounds for the suspension or revocation by a preponderance of the
 evidence.” Verdoorn v. Director of Revenue, 119 S.W.3d 543, 545 (Mo. banc
 2003). If Director fails to make the requisite proof, the driver’s license suspension
 may not stand. See Hlavacek v. Director of Revenue, 129 S.W.3d 374, 380 (Mo.
 App. W.D. 2003). Because Director presented no evidence, she did not establish a
 prima facie case. Accordingly, the trial court properly entered judgment for Driver.

Hibbard v. Dir. of Revenue, 208 S.W.3d 317, 319 (Mo. App. E.D. 2006).

 Point denied.

 Conclusion

 The trial court’s judgment is affirmed.

 /s/ Mark D. Pfeiffer
 Mark D. Pfeiffer, Judge

Zel M. Fischer, Special Judge, Presiding, and Gary D. Witt, Judge, concur.

 5
 There is some suggestion in the record that the prosecuting attorney was late to court for the trial because
the prosecutor had been talking with someone in the sheriff’s department and had “lost track of time.”

 7